**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

LAWSON INDUSTRIES, ET. AL.,            :
                                       :
      Plaintiffs,                   :
                                       :
vs.                                    :            1:02-CV-135 (WLS)
                                       :
ARVINMERITOR, INC., ET.AL.,            :
                                       :
      Defendants.                   :
_____

## <u>ORDER</u>

Pending before the Court are Plaintiffs' motions to extend the time to respond to Defendant Nickson's motion for summary judgment.  (Tabs 56, 61).  Defendant initially opposed the extension, but as the responses have been filed and oral argument on the motion was heard on August 29, 2005, Defendant has since orally withdrawn its opposition.  Therefore, Plaintiffs' motions for an extension of time to respond is **GRANTED.** (Tabs 56, 61).

Also pending is Attorney Jeffery E. Friedman's motion to withdraw as counsel for Bass.  (Tab 84).  The motion was initially opposed by Defendant.  At the hearing, evidence was presented that Attorney Willie Weaver was prepared to file an entry of appearance upon the release of Friedman.  As representation was the main concern of Defendant and Friedman has agreed to remain on the case until the pending summary judgment motion is resolved, Defendant does not have any remaining objections to granting the motion.  Therefore, the motion to withdraw (Tab 84) is **GRANTED**, effective upon the issuance of the order resolving Defendant's motion for summary judgment.

Before the Court are Nickson's motions for sanctions and attorneys fees.  (Tab 85, 88).  As it appears from the record and from oral arguments that the delay in discovery is not the result of any misconduct on the part  of Plaintiff's attorneys, the motion for sanctions against the attorneys (Tab 85) is **DENIED.**  Plaintiff Bass has failed to comply with the Court's

previous order.  Therefore, Plaintiff Bass shall produce the requested discovery **no later than Friday, October 14, 2005,** or be subjected to further sanctions of this Court.  The Court had previously stated that Defendant is entitled to attorneys fees for bringing essentially four motions to compel.  (Tab 80).  The records submitted by Defendant Nickson show that it incurred $9,350.00 in attorneys fees in pursuing the said motions. A review of the supporting documentation show that said fees and expenses are reasonable.  Therefore, Nickson's motion for attorneys fees in the amount of $9,350 (Tab 88) is **GRANTED.**

   **SO ORDERED**, this __16th__ day of September, 2005.


   ___/s/W. Louis Sands_____
   **W. LOUIS SANDS, CHIEF JUDGE**
   **UNITED STATES DISTRICT COURT**