**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| LAWSON INDUSTRIES, ET. AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 1:02-CV-135-3 (WLS) |
| | : | |
| ARVINMERITOR, INC., ET.AL., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Before the Court is Defendant Nickson's motions for sanctions.  (Tabs 106, 111).[1]
Nickson's alleges that Plaintiff Bass has failed to comply with the Court's previous orders
directing him to answer certain interrogatory requests.  (Tabs 105, 80).  Bass has finally
amended his answers to the interrogatory questions.  The Court notes, and Bass admits,  that
Bass's answers are untimely filed even after granting Bass another extension of time to file to
respond to Nickson's motion.  On January 24, 2005, the Court held a hearing on the motion and
heard arguments of counsel and took evidence from Plaintiff.

The Court finds that Plaintiff has unjustifiably and intentionally failed to timely amend
his answers to Questions 1, 4, 6, 8 of Nickson's Interrogatories in the face of two specific
orders of this Court.  Because Plaintiff was not staying in contact with previous counsel, the
Court never directly addressed the question of whether his previous answers were inadequate
because the parties accepted the assertion that the questions needed to be amended.  Even
though, Plaintiff's actions have caused innumerable delays in the discovery process, Plaintiff
initially answered the questions and has since amended his answers.  The Court does not find
that Plaintiff's conduct , while egregious, warrants the requested sanction of dismissal of
Plaintiff's complaint.  Sanctions, however, are warranted.

---

[1].  Nickson's first motion for contempt and sanctions (Tab 106) was withdrawn on
October 19, 2005.  (Tab 108).  Therefore, to the extent that the motion is pending, the motion
(Tab 106) is **DENIED as moot.**

Therefore, Plaintiff is ordered to pay Nickson's counsel's and local counsel's expenses for attending the sanctions hearing. Plaintiff is ordered to pay these fees and expenses with 30 days of this order.  Defendant's counsel are ordered to submit within 10 days an itemization of the costs and expenses for attending the hearing.  In addition, it is ordered that Plaintiff is bound by the written answers he has submitted to the questions at issue.  Plaintiff is further bound to any answers he may give in a second deposition that Nickson may take of Plaintiff in relation to these questions.  Any future response that contradicts these answers will be disallowed and stricken.  Further, Plaintiff is to make himself available upon written notice by Nickson for a second deposition related to the questions in issue.  Nickson shall notice said deposition within 20 days for a date and time at Nickson's discretion..   Plaintiff shall bear the cost for this deposition.  As noted by the Court at the hearing, the Court finds that Plaintiff is in contempt but that further sanctions beyond those set out herein are not necessary.  Plaintiff is reminded that he is required to comply with this and any future orders of this Court or face further sanctions, including dismissal of his complaint.

SO ORDERED, this __10th__ day of  March, 2006.


    /s/W. Louis Sands
**Hon. W. Louis Sands, Chief Judge**
**United States District Court**